UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| D'ANDRE L. WILLIAMS, by and through his Guardian ad Litem, MARY MCINTOSH, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF BEVERLY HILLS, MISSOURI, et al., <br><br> Defendants. | No. 4:07-CV-661 CAS |

## MEMORANDUM AND ORDER

This removed matter is before the Court on several motions: plaintiffs' motion to remand, and defendants City of Beverly Hills, Missouri, City of Pine Lawn, Missouri and Josh Fox's motion to strike plaintiffs' motion to remand and motion to dismiss the case. For the following reasons, the Court will deny the motion to strike and grant plaintiffs' motion to remand. The motion to dismiss remains pending for resolution by the state court following remand.

**Background**.

This an action asserting claims under 42 U.S.C. § 1983 and state law. Plaintiff D'Andre Williams was seriously and permanently injured on May 6, 2002, when an automobile in which he was a passenger crashed during a police pursuit. The defendants in this action are the City of Beverly Hills, Missouri ("Beverly Hills"), Beverly Hills Police Officer James Thiel, the City of Pine Lawn, Missouri ("Pine Lawn"), Pine Lawn Police Officer Josh Fox, and Marcus A. Fort, the driver of the automobile that crashed.

Plaintiff Williams alleges that the defendant police officers rammed the automobile in which he was a passenger with their police vehicles and caused it to go out of control and crash. Williams,

through his guardian ad litem and grandmother, Mary McIntosh, asserts federal claims under section 1983 against the two police officers for unreasonable seizure in violation of the Fourth Amendment. Plaintiffs assert state law claims against the officers for negligence and assault and battery, against the two municipalities for negligence, and against defendant Fort for negligence.

In 2004, a previous case filed by plaintiff Williams against the same defendants was removed to this Court from the Circuit Court of St. Louis County, Missouri. See Williams v. City of Beverly Hills, No. 4:04-CV-631 CAS (E.D. Mo.) ("Williams I"). In Williams I, plaintiff obtained a clerk's entry of default against defendant Fort pursuant to Rule 55(a), Federal Rules of Civil Procedure. Thereafter, by Memorandum and Order dated March 31, 2006, the Court granted in part a motion for summary judgment filed by Beverly Hills, Pine Lawn, Fox and Thiel. The Court dismissed plaintiff's claims under § 1983 against Fox and Thiel in their official capacities; granted judgment in favor of Beverly Hills and Pine Lawn on plaintiff's claims under § 1983; and declined to exercise supplemental jurisdiction over plaintiff's state law claims and dismissed the same without prejudice. See Mem. and Order of Mar. 31, 2006 at 33. The claims over which the Court declined to exercise jurisdiction were plaintiff's state law claims against Fox and Thiel for negligence and assault and battery, against Beverly Hills and Pine Lawn for negligence, and against Fort for negligence. Id. at 32.

On October 26, 2006, plaintiff refiled the case in the Circuit Court of the City of St. Louis, Missouri, naming the same defendants as in Williams I. On April 5, 2007, defendants Beverly Hills, Pine Lawn and Fox (collectively referred to as "defendants"), filed their notice of removal.[1]  (See

---

[1] Defendant Thiel did not join in the notice of removal and has not yet been served with summons and complaint.

Doc. 1). On April 12, 2007, plaintiffs filed a timely motion to remand, asserting that the removal was defective because defendant Fort had not joined in the defendants' notice of removal.[2]

**Discussion**.

The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997), cert. denied, 522 U.S. 1075 (1998).

    **A. Motion to Strike**

After the defendants filed a response to plaintiffs' motion to remand, they filed a separate motion to strike the motion to remand, on the grounds that venue in the Circuit Court for the City of St. Louis is improper. Plaintiffs respond that whether the City of St. Louis is an improper venue under Missouri state law "has absolutely no relevancy whatsoever as to remanding this case to state court." Pls.' Resp. Mot. Remand at 1. Plaintiffs state that if the case is remanded, the state court can address any allegations of improper venue, and note that defendants have not cited any rules or case law that would give a federal court the authority to strike a motion to remand based on alleged improper venue in the state court. Id.

Under Federal Rule of Civil Procedure 12(f), a court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f),

---

[2]Attached to plaintiffs' Motion to Remand is a copy of an Answer allegedly filed by defendant Fort prior to removal of this action. The Court notes that Fort's Answer was not included in the copy of the state court record filed by defendants in connection with their removal of this action. Local Rule 2.03 provides in pertinent part, "A party commencing a civil case with a notice of removal shall . . . (4) file a copy of all process, pleadings, orders and other documents then on file in the State Court."

Fed. R. Civ. P. (emphasis added). As the language of the rule indicates, motions to strike are properly directed only to material contained in pleadings. Motions, briefs, memoranda, objections or affidavits may not be attacked by a motion to strike. 2 James W. Moore, et al., Moore's Federal Practice §12.37[2] (3rd ed. 2007).

The Court will deny defendants' motion to strike plaintiffs' motion to remand. A motion to remand is not a pleading, and therefore may not be subject to a motion to strike. Rule 12(f), Fed. R. Civ. P. In addition, as plaintiffs observe, defendants have offered no citation to authority in support of their motion.

**B. Motion to Remand**

The Court now turns to plaintiffs' motion to remand. As stated above, plaintiffs move to remand this case to state court on the basis that not all of the defendants joined in the notice of removal, citing the rule of unanimity. See Marano Enters. of Kansas v. Z-Teca Restaurants, L.P., 254 F.3d 753, 754 n.2 (8th Cir. 2001) (ordinarily, all defendants must join in a notice of removal or the case will be remanded). Defendants' main argument is opposition to the motion to remand is that the rule of unanimity only applies to the removal of diversity cases. Defendants are incorrect.

A leading federal procedure treatise states the general rule that all defendants must join in a notice of removal:

> In general, all defendants must join in the notice of removal. Because the right to remove is jointly held by all the defendants, the failure of one defendant to join in the notice precludes removal. This rule requires that there be some timely written indication from each served defendant (or from some person or entity purporting to formally act on its behalf in this respect that is to authorized) that the defendant has actually consented to removal.
>
> Generally, if a notice of removal is filed by fewer than all the defendants, the petition is defective it if fails to explain the absence of nonjoinder of a codefendant.

4

16 James Wm. Moore, et al., Moore's Federal Practice, § 107.11[1][c] (3d ed. 2007). See also 14C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3731 (2d ed. 1987) ("Ordinarily, all of the defendants in the state court action must consent to the removal and the notice of removal must be signed by all of the defendants, although other forms of acknowledging consent may be acceptable to the federal court.").

The Supreme Court articulated the rule of unanimity in a case where some but not all of the defendants sought to remove the case to federal court on the basis that it arose under the laws or Constitution of the United States. See Chicago, R. I. & P. Ry. Co. v. Martin, 178 U.S. 245, 248 (1900). The Court held that where removal is sought on the ground that the suit arose under the laws or Constitution of the United States, and the case presents a joint cause of action against all the defendants, all defendants must join in the notice of removal. Id. at 248. See also Lapides v. Board of Regents of Univ. Sys. of Georgia, 535 U.S. 613, 620 (2002) (citing Chicago, R.I. & P. for the proposition that removal requires the consent of all defendants; in Lapides, the suit was removed from state court based on federal question jurisdiction over claims under 42 U.S.C. § 1983). These Supreme Court decisions conclusively refute defendants' argument.

In addition, contrary to defendants' assertion, the Eighth Circuit has applied the rule of unanimity to cases in which federal claims were removed from state court. See, e.g., Thorn v. Amalgamated Transit Union, 305 F.3d 826, 833 (8th Cir. 2002) (citing the general rule of unanimity in case involving Title VII and state law claims removed to federal court, but upholding removal where the defendant that had not timely joined in the removal was merely a nominal party). In Thorn, the Eighth Circuit stated, "Removal is authorized by 28 U.S.C. § 1441 and governed by § 1446. Where there are multiple defendants, all must join in a petition to remove within thirty days of

service." Id. at 833. District courts in the Eighth Circuit, including this Court, have applied the rule of unanimity in cases involving removal of federal claims. See, e.g., Good v. Tyson Foods, Inc., 2006 WL 694998, *1 & n.2 (N.D. Iowa Mar. 17, 2006); Amteco, Inc. v. BWAY Corp., 241 F.Supp.2d 1028, 1030-32 (E.D. Mo. 2003) (citing Thorn; remanding case removed on the basis of federal question jurisdiction where not all defendants joined in the notice of removal); Mayo v. Christian Hosp. Northeast-Northwest, 962 F. Supp. 1203, 1205 (E.D. Mo. 1997).

In this case, it is undisputed that defendant Marcus Fort did not join in the notice of removal. The removal is therefore procedurally defective and the case must be remanded unless an exception to the rule of unanimity applies. The defendants contend that the rule does not apply to defendant Fort and that he need not join in the notice of removal for two reasons: (1) plaintiff obtained a final default judgment against defendant Fort in Williams I, that judgment is res judicata against Fort in this action, and Fort is not a party to this suit; and (2) defendant Fort is a nominal defendant.

**a. Entry of Default**

Defendants' assertion that the Court entered a final default judgment against Fort in Williams I is factually incorrect. The Clerk of the Court entered default against Fort under Rule 55(a), Fed. R. Civ. P. A clerk's entry of default under Rule 55(a) is a prerequisite to and must precede the entry of default judgment under Rule 55(b). Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998); see 10 Wright & Miller, Federal Practice and Procedure §§ 2682 at 406, 2683 at 413. No default judgment was entered under Rule 55(b) against Fort, and as a result there was no final judgment against him in Williams I.[3]

---

[3]The Court is frankly baffled by defendants' assertion that it ordered plaintiff to seek a default judgment against defendant Fort in Williams I, in the Order of November 12, 2004. The Order of November 12, 2004 clearly directed plaintiff to "file an appropriate motion for entry of default by the Clerk of the Court under Federal Rule of Civil Procedure 55(a)," see Williams I, Order of Nov. 12,

6

The Eighth Circuit has held that the effect of a voluntary dismissal without prejudice is to "render the proceedings a nullity and leave the parties as if the action had never been brought." Williams v. Clarke, 82 F.3d 270, 272 (8th Cir. 1996) (quoted case omitted). "[T]his principle applies with equal force when the court dismisses a case without prejudice on its own initiative." Norman v. Arkansas Dep't of Educ., 79 F.3d 748, 751 (8th Cir. 1996). Because the Court dismissed plaintiffs' claims against Fort without prejudice, the clerk's entry of default in Williams I is a nullity. Defendants' contention that Fort need not join in the notice of removal because a final judgment was entered against him in Williams I is without merit.

### b. Nominal Party Status

In a surresponse filed with leave of Court, the defendants assert that Fort need not join in the notice of removal because he is a nominal party who may be disregarded for removal purposes. Defendants contend that Fort is a nominal party because he has been in prison since shortly after the incident occurred and has no assets.[4]

"[N]ominal defendants, those against whom no real relief is sought, need not join in the petition" for removal. Thorn, 305 F.3d at 833 (internal quotations omitted). This Court has stated that "most lower federal courts have limited the 'exception' for formal or nominal party defendants to situations in which it is clear that the defendant is not a necessary or an indispensable party as a matter of law, the party has nothing at stake in the litigation, and no real, present claim for relief is being sought against the party." Maryville Data Sys., Inc. v. Holman, 2005 WL 3416470, *2 (E.D. Mo. 2005) (quoting Fisher v. Dakota Cmty. Bank, 405 F.Supp.2d 1089, 1095 (D.N.D. 2005)).

---

2004, Doc. 11, and made no mention of a motion for default judgment under Rule 55(b).

[4]Defendants do not provide an affidavit or other evidence concerning defendant Fort's assets. Statements of counsel in a memorandum are not evidence.

"Whether a defendant is a nominal party depends on the facts of each case, and the determination typically hinges on whether the defendant's role in the lawsuit is that of a depository or stakeholder." 16 Moore's Federal Practice, § 107.11[1][d]; see also Black's Law Dictionary (7th ed. 1999) ("nominal party. A party who, having some interest in the subject matter of a lawsuit, will not be affected by any judgment but is nonetheless joined in the lawsuit to avoid procedural defects. An example is the disinterested stakeholder in a garnishment action.")

In Thorn, the Eighth Circuit found that an international parent union was a nominal party where the plaintiff's claims of sexual harassment and retaliation under Title VII and state law were based on acts committed by the defendant local union and its officers and members, and the local union was not acting as an agent for the parent union. Thorn, 305 F.3d at 833. In Maryville Data, this Court found that a party who was in the final stages of settlement negotiations with the plaintiff at the time of removal was not a nominal party, because a party does not become a nominal party until settlement is final. 2005 WL 3416470, *2 (citing Bradley v. Maryland Cas. Co., 382 F.2d 415, 419 (8th Cir. 1967)).

In this case, the Court finds that Fort is not a nominal party. First, defendants offer no proof to establish that Fort has no assets. Moreover, even if defendants had offered proof that Fort has no assets, they cite no case law to support their assertion that an individual defendant is properly considered a nominal party merely because he has no assets or is otherwise judgment proof. Fort appears to have a stake in this litigation, because there does not appear to be any bar against plaintiffs seeking a judgment against him, which they could attempt to collect at any point in the future.

Further, plaintiffs assert a real, present claim for relief against Fort. Fort is clearly not a stakeholder or depository in this action. The petition asserts that Fort was negligent in operating the

automobile that crashed and directly caused injury to plaintiff Williams. See Petition, Count IX. Based on these allegations, Fort is an important party to this action with respect to plaintiffs' allegations of negligence, and was not joined merely to avoid procedural defects.

**Conclusion**.

For the foregoing reasons, the Court concludes that defendants' motion to strike should be denied. Plaintiffs' motion to remand must be granted because defendant Fort is not a nominal party and he did not consent to the removal of this action. Therefore, defendants' removal of this action was procedurally defective.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to remand is **GRANTED**. [Doc. 5]

**IT IS FURTHER ORDERED** that defendants Beverly Hills, Pine Lawn and Fox's motion to strike plaintiffs' motion to remand is **DENIED**. [Doc. 13]

An order of remand will accompany this memorandum and order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __24th__ day of September, 2007.